UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN RUFF,

          Plaintiff,

v.

          Case No. 11-CV-11110

          HON. GEORGE CARAM STEEH

REISING, ETHINGTON,
BARNES, KISSELLE, P.C.,

          Defendant.
_____/

ORDER DENYING PLAINTIFF'S
MOTION FOR CHANGE OF VENUE (#19)

On November 10, 2010, plaintiff (along with former plaintiff Ruffactory, Inc.) filed a complaint against defendant in the United States District Court for the Middle District of Florida. On March 17, 2011, the court entered a nine-page order transferring the case to this court. In the March 17th order, the court found that (1) plaintiff could have originally brought the action in the Eastern District of Michigan and (2) the factors to be considered in evaluating a transfer request "weigh heavily in favor of transfer." The court found the matter should be litigated in the Eastern District of Michigan "'for the convenience of the parties and witnesses [and] in the interest of justice.'" Thus, the court granted defendant's motion to dismiss to the extent that the case was transferred to this court. On June 22, 2011, plaintiff, acting pro se, filed a motion for change of venue requesting that the case be transferred to the United States District Court for the Middle District of Florida. Defendant responded to the motion. The court finds that oral argument is not necessary. See Local Rule 7.1(f). Pursuant to the law of the case doctrine, a decision made by a court at one stage of a case is to be given effect in

successive stages of the case.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (citing Arizona v. California, 460 U.S. 605, 618 (1983)).  The doctrine applies to transfer decisions of coordinate courts.  Id.  "Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation."  Id.  In this case, the court in the Middle District of Florida already determined that this case most properly belongs before this court.  As plaintiff offers no reason why this court should not give the March 17th order the deference to which it is entitled under the law of the case doctrine, the court DENIES plaintiff's motion to change venue.

IT IS SO ORDERED.

Dated:  July 26, 2011

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 26, 2011, by electronic and/or ordinary mail and also to Stephen Ruff at 874 Mills Estate Place, Chuluota FL 32766.

s/Marcia Beauchemin
Deputy Clerk